UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRENT CRANMER,<br><br>Defendant. | **SEALED INFORMATION**<br><br>25 Cr. 212 |

## COUNT ONE
### (Securities Fraud)

The United States Attorney charges:

1. Between on or about December 18, 2023, and on or about January 19, 2024, BRENT CRANMER, the defendant, engaged in a scheme to reap illegal profits by misappropriating and trading on material nonpublic information concerning the planned acquisition of a publicly-traded company, Kaman Corporation ("Kaman"), in violation of the duties of trust and confidence owed to the company and its shareholders.

2. Beginning on or about December 18, 2023, BRENT CRANMER, the defendant, who was an executive at a Kaman subsidiary, learned through conversations with other executives that Kaman had entered into negotiations to be acquired in an all cash-transaction at a premium price. Because of his employment, CRANMER owed a duty of trust and confidence to Kaman, and he was prohibited from misusing or disclosing Kaman's confidential information for personal gain or to benefit others. Indeed, the day after CRANMER learned about the potential acquisition he was designated as a member of Kaman's diligence team, and he signed a non-disclosure agreement prohibiting him from disclosing or using the confidential information about the acquisition. That agreement included an acknowledgement warning CRANMER that trading

Kaman's securities while in possession of the information about Kaman's potential acquisition could subject him to liability under the securities laws.

3.  Nonetheless, BRENT CRANMER, the defendant, almost immediately told his friend ("Individual-1") about Kaman's ongoing negotiations to be acquired, in violation of his duties to Kaman. CRANMER understood and intended that the material nonpublic information about the acquisition that he provided to Individual-1 would be used to execute securities trades before the acquisition became public. Consistent with that understanding, Individual-1 used the material nonpublic information to purchase Kaman call options in his own account and in an account in the name of a family member.

4.  Individual-1 also tipped his friend ("Individual-2") about the Kaman negotiations and, as Individual-1 intended, Individual-2 used that nonpublic information to purchase Kaman stock and call options. Both Individual-1 and Individual-2 knew that the confidential information about Kaman's acquisition had been shared with them in breach of a duty owed to the company.

5.  BRENT CRANMER, the defendant, was dissatisfied with his compensation that would result from Kaman's acquisition, so he told Individual-1 that he too was interested in purchasing Kaman's securities—through an intermediary—in advance of the public announcement of the acquisition. CRANMER told Individual-1 that he needed someone else to trade on his behalf because it was restricted. Individual-1 attempted to arrange a nominee for CRANMER and asked Individual-2 whether he felt "comfortable trading on behalf of others" and "using others['] money." CRANMER then gave Individual-1 $10,000 to give to Individual-2 or another individual to purchase Kaman options. Ultimately, however, no trades were executed on CRANMER's behalf prior to the announcement of the acquisition.

6.  When Kaman publicly announced on January 19, 2024 that it had entered into an agreement to be acquired by a private equity firm in a premium, all-cash transaction, Kaman's

share price rose considerably. That same day, Individual-1 and Individual-2 sold their Kaman securities for substantial profits. As a result of this illegal conduct, Individual-1 and Individual-2 generated more than $1 million in total profits.

### Statutory Allegations

7. Between on or about December 18, 2023, and on or about January 19, 2024, in the Southern District of New York and elsewhere, BRENT CRANMER, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce and of the mails, and of a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, in knowing violation of duties he owed to Kaman, CRANMER provided material nonpublic information to Individual-1, who then provided such information to Individual-2, in anticipation that Individual-1 and Individual-2 would trade Kaman securities based on that information, and Individual-1 and Individual-2, knowing that the information had been obtained in breach of a duty, used it to execute and to cause and assist others to execute the purchase of Kaman securities.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

8. As a result of committing the offense alleged in Count One of this Information, BRENT CRANMER, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## SUBSTITUTE ASSETS PROVISION

9. If any of the property described above as being subject to forfeiture, as a result of any act or omission of BRENT CRANMER, the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Sections 981; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

*[signature]*
JAY CLAYTON
United States Attorney